ORIGINAL

# In the United States Court of Federal Claims

No. 14-1011C

(Filed: July 28, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
ALEXANDRIA WASHINGTON,                          *
                                                *
            Plaintiff,                          *
                                                *
      v.                                        *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

JUL 28 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

<u>WILLIAMS</u>, Judge.

This matter comes before the Court on Defendant's motion to dismiss the Complaint for lack of subject-matter jurisdiction. For the reasons stated below, Defendant's motion is granted, and this action is dismissed.

### Background

Plaintiff <u>pro se</u> Alexandria Washington, also identifying herself as Azmiyah Bey, alleges violations of her Constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, and 1986, stemming from the removal of her daughter from Plaintiff's custody following a diagnosis of Shaken Baby Syndrome. Compl. 1, Exs. A-B; Aff. 2-3; Mot. for Immediate Relief 1-2. Plaintiff alleges that the "City of Charleston has kidnapped and human trafficked [her] daughter for profit without probable cause, any allegations or Jursidiction," that the Coles County (Illinois) court lacked jurisdiction over Plaintiff "due to Title 8 USC 1481," that she has been denied her "right to parent" as a result of the placement of her daughter into foster care, that the Illinois Department of Children and Family Services "[i]nitiated the kidnap of [her] baby with the continued human trafficking based on discrimination due to [Plaintiff's] mental health disability diagnosis as an adolescent," and that the Coles County sheriff made a false report regarding an altercation in court during a hearing. Compl. 1; Mot. for Immediate Relief 1-2. Plaintiff requests that this Court dismiss a pending criminal case against her, secure the return of her daughter to Plaintiff's custody, and grant Plaintiff $1.6 billion due to "loss of [e]mployment . . . ,

[l]oss of a natural bonding while stripping [her] baby of her natural culture . . ., [l]oss of stable housing, loss of income due to traveling expenses[,] etc." Compl. 1; Mot. for Immediate Relief 2. Plaintiff claims that she has filed a "complaint against the United States based on the Actions of its[] employees in the State of Illinois, Which holds the United States responsible for the actions of all Government Agencies and Agents acting for or under the United States Rulings," and that the United States must be held accountable for her stated claims. See Mot. for Immediate Relief 1.

## Discussion

Subject-matter jurisdiction must first be established before the Court may rule on the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter cannot be established. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). When ruling on a motion to dismiss pursuant to Rule 12(b)(1), the Court will construe the Complaint in a manner most favorable to the Plaintiff, assuming all factual allegations as true. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal citation and quotation marks omitted). Plaintiff bears the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence, even if proceeding pro se. See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The United States is immune from suit, save by consent, which "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity by the United States must be "strictly construed . . . in favor of the sovereign." Dep't of the Army v. Blue Fox, 525 U.S. 255, 261 (1999).

The Tucker Act, 28 U.S.C. § 1491(a)(1), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Although Plaintiff argues that the United States must be held accountable for the alleged kidnapping of her daughter by the City of Charleston and for the conduct of the Coles County Illinois Court in placing her daughter in foster care, she has not alleged any conduct by any United States employees or agencies. This Court's jurisdiction is limited to suits against the United States, and the Court does not have jurisdiction over claims "against states, localities, state and local government officials, state courts, state prisons, or state employees." Trevino v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014); see also United States v. Sherwood, 312 U.S. 584, 588 (1941) (holding that this Court's jurisdiction "is confined to the rendition of

2

money judgments in suits brought for that relief against the United States"); Smith v. United States, 99 Fed. Cl. 581, 583 (2011) (citing Moore v. Pub Defender's Office, 76 Fed. Cl. 617, 620 (2007)) ("[T]he Court of Federal Claims does not have jurisdiction to hear claims against states, localities, state and local government entities, or state and local government officials and employees."); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis in original).

Plaintiff seeks to invoke this Court's jurisdiction under various provisions of the Civil Rights Act, specifically 42 U.S.C. §§ 1983, 1985, and 1986, for "violations of [her] 4th Amendment and 5th Amendment secured rights . . . ." Aff. 2. However, this Court lacks jurisdiction over claims brought under §§ 1983, 1985, and 1986, as jurisdiction over these claims is vested exclusively in the district courts. See Clemmons v. United States, 283 F. App'x 786, 787 (Fed. Cir. 2008); Buck v. United States, No. 11-209C, 2011 WL 2633624, at *3 (Fed. Cl. July 6, 2011); see also 28 U.S.C. § 1343 (2006).

The gravamen of Plaintiff's Complaint is that unnamed officials at the Coles County courthouse improperly placed her daughter in the foster care system, and that the Coles County Court lacked jurisdiction over the custody proceedings and a subsequent criminal charge. Compl. 1. However, this Court has no authority to review decisions rendered by state courts. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983) (stating that review of state court judgments "may be had only in [the Supreme] Court"); Landers v. United States, 39 Fed. Cl. 297, 301 (1997) ("This Court does not have the power to review state court actions.").

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's Motion for Immediate Relief is **DENIED**. The Clerk of Court is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**